## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DREIVER ANTONIO )
ROMERO-RIVERO, )
 )
    Petitioner, )
 )
v. )    Case No. CIV-26-704-SLP
 )
SCARLET GRANT, Warden, )
 )
    Respondent. )

## **O R D E R**

Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 9] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 15], Petitioner has filed a Response to the Objection [Doc. No. 16], and the matter is at issue.[1]

The Court reviews de novo any portion of the R&R to which the parties have made *specific* objections.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other

---

[1] Citations to the parties' briefing submissions and record reference the Court's ECF pagination.

[2] In their Objection, Respondents state that they expressly re-assert and do not waive the arguments set forth in the Response. *See* Obj. [Doc. No. 15] at 1. Respondents' attempt to incorporate by reference the entirety of the arguments raised in their Response [Doc. No. 7] is not a *specific* objection to the findings and conclusions of the Magistrate Judge. Accordingly, the Court does not find such incorporation is sufficient to warrant de novo review as to those arguments. *See Laber v. Hegseth*, No. 23-3157, 2025 WL 1511795, at *7 (10th Cir. May 28, 2025) (unpublished) (finding a party's incorporation of arguments from prior motion a "disfavored practice").

issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St*., 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

## I.      **Background**

Petitioner, a citizen of Venezuela, entered the United States on April 22, 2023, without inspection or admission near Brownsville, Texas. He was taken into immigration custody on the same day. On May 10, 2023, Immigration and Customs Enforcement (ICE) officials placed Petitioner into removal proceedings before the Immigration Court through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). On April 25, 2023, Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). On December 1, 2023, Petitioner filed an application for asylum, which remains pending. On July 22, 2024, Petitioner was granted Temporary Protected Status, which ended April 2, 2025, and Petitioner's request to renew this status was thereafter denied.

On March 19, 2026, ICE officials encountered and re-detained Petitioner following a traffic stop in Weatherford, Oklahoma. Petitioner is currently detained in the Cimarron Correctional Facility.[3]

On April 3, 2026, Petitioner filed this action. He claims violations of the Immigration and Nationality Act (INA) and applicable ICE regulations. R&R [Doc.

---

[3] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 22, 2026).

No. 9] at 2-3.  Petitioner asks the Court to "order [his] immediate release on an appropriate order of supervision," or alternatively a custody redetermination before a neutral decisionmaker in the form of a bond hearing.  *Id.* at 3.  Petitioner further requests that the petitioner be adjudicated in an expedited fashion and he requests the court to "enter a preliminary and permanent Injunctive relief enjoining Respondent from further illegal detention."  *Id.*

## II.    Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period.  The Magistrate Judge further recommended that the Court decline to decide the merits of Petitioner's remaining claims and his request for injunctive relief.

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention because Petitioner is an 'applicant for admission' that is 'seeking admission', and therefore subject to 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more

detailed Order, these same issues.  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); but see *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[4] Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

III.    **Conclusion**

IT IS THEREFORE ORDERED that the Petition is GRANTED, in part. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business (5) days of this Order or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

IT IS SO ORDERED this 23rd day of June, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] To date, the Tenth Circuit has not ruled on the issue. *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).